# CASES

## IN THE

# SUPREME JUDICIAL COURT

### IN

## THE COUNTY OF KENNEBEC, MAY TERM, 1831.

---

## MORTON vs. CHANDLER.

A recognizance having been taken in too large a sum, by the fraud of the conusee, and satisfaction had by extent on the land of the debtor, the latter applied to the creditor to refund the excess, who replied that *if there was any mistake he would rectify it, but he knew of none.* In an action of *assumpsit* brought to recover this excess, to which the general issue and the statute of limitations were pleaded, it was held that this language of the creditor, the fraud being proved, was sufficient to take the case out of the statute.

It was also held, that notwithstanding a writ of entry for the same land had been brought by the conusee against the conusor, and successfully prosecuted to final judgment, yet the conusor might now show the fraud of the conusee, and recover the amount of the excess, in an action for money had and received.

THIS case, which was *assumpsit* for money had and received, [see 7 *Greenl.* 44.] came again before the court; and was tried before *Weston J.* upon the general issue, and a plea of the statute of limitations. The plaintiff, on the 31st day of *March*, 1819, had given to the defendant a recognizance of debt before a magistrate; and it now appeared that by the fraud of the latter it was taken in too large a sum. To recover back this excess, was the object of the present action. The execution which was issued on the recognizance

2

had been satisfied by extent on real estate; for which the defend--
ant had afterwards brought a writ of entry against the plaintiff, which
the latter defended, without success.    [See 6 *Greenl.* 149.]    The
counsel for the defendant now contended that the plaintiff ought
not to be let in to the evidence of fraud, as it afforded ground of
defence against the writ of entry.    But the Judge overruled the
objection.

To remove the bar arising from the statute of limitations, *R.*
*Belcher*, Esq. formerly of counsel for the plaintiff, testified that in
conversation respecting this demand, in the year 1825, the defend--
ant told him that if there was any mistake in the recognizance he
would rectify it, or was willing to rectify it; but that he knew of
no mistake.    This evidence, the Judge ruled, if believed by the
jury, took the case out of the statute.    And the verdict being for
the plaintiff, the sufficiency of this testimony, and the admissibility
of the evidence of fraud, were reserved for the consideration of the
court.

*Sprague* and *A. Belcher*, for the defendant, contended that as
land only had been received, and here was no express promise to
pay money, this action would not lie.    But if this objection were
removed, the evidence of fraud was inadmissible.    If it existed, the
proper time to have offered it was in the trial of the writ of entry;
when the whole matter was open to the plaintiff; and the fraud
would have vitiated the whole extent.    Having omitted or failed to
show it then, he ought now to attack the recognizance collaterally,
and, in part.    *Richardson v. Kilham,* 10 *Mass.* 239 ;    *Scott v. Gil-*
*more,* 3 *Taunt.* 226 ;    *Bliss v. Negus,* 8 *Mass.* 46 ;    *Thatcher v.*
*Gammon,* 12 *Mass.* 268 ;    *Loring v. Mansfield,* 17 *Mass.* 394 ;
1 *Stark. Ev.* 252.

If, however, the proof is admissible, it is only to show fraud and
not a mistake.    Now it is settled that the plaintiff is not to be per-
mitted to go behind the recognizance to prove a mistake, in order
to create a right of action to recover back the money ; and *a fortiori*
not to revive one.    Proof of fraud is no answer to a plea of the
statute of limitations.    It should have been pleaded.    *Clark v.*
*Houghman,* 2 *Barnw. & Cresw.* 149.    But if admitted, it does not

amount to an acknowledgment of indebtedness, and so does not avoid the statute. *Robbins v. Otis*, 3 *Pick.* 4; *Green v. Dana*, 13 *Mass.* 493; *Cutts v. King*, 1 *Greenl.* 158; *Homer v. Fish*, 1 *Pick.* 435; *Smith v. Lewis*, 3 *Johns.* 157; *Canfield v. Munger*, 12 *Johns.* 347; *Gardiner v. Tudor*, 8 *Pick.* 206; *Perley v. Little*, 3 *Greenl.* 97; *Bangs v. Hall*, 2 *Pick.* 368; *Deshon v. Eaton*, 4 *Greenl.* 413; *Fisk v. Needham*, 11 *Mass.* 452; *Porter v. Hill*, 4 *Greenl.* 41; *Wetsell v. Bussard*, 11 *Wheat.* 309; *Bell v. Morrison*, 1 *Pet.* 368; *Reed v. Wilkinson*, 2 *Wash. C. C. Rep.* 514; *Lonsdale v. Brown*, 3 *Wash. C. C. Rep.* 404.

*Allen*, for the plaintiff, cited *Albee v. Ward*, 8 *Mass.* 79; *Whitcomb v. Williams*, 4 *Pick.* 228; 15 *Johns.* 232; *Jones v. Scriven*, 8 *Johns.* 453; 12 *Mass.* 135; 16 *Mass.* 306; *Jones v. Robinson*, 2 *Munf.* 187; 1 *Salk.* 29; 1 *Ld. Raym.* 421; *Bush v. Barnard*, 8 *Johns.* 407; *Seaward v. Lord*, 1 *Greenl.* 163.

The opinion of the Court was read at the ensuing *October* term as drawn up by

MELLEN C. J. On a former occasion, when this cause was before us on a motion to set aside a former verdict, we granted a new trial on the ground that parol evidence had been improperly admitted to the jury to shew that a larger sum than was due to the defendant was inserted in the confession or recognizance by mistake; because it was not competent for the plaintiff, for such a purpose, to contradict the express language and stipulations of the recognizance, under his own hand and seal. And as the jury had found their verdict merely on the above mentioned principle, it was set aside, and an intimation given to the counsel, that if the plaintiff could prove that the excess was inserted in the recognizance without his consent or knowledge, and by the management and fraud of the defendant, parol evidence would be admissible in that manner to impeach the recognizance as well as any other deed. On the last trial such evidence was offered and ruled to be admissible; and upon the strength of it the jury returned their verdict for the plaintiff. But as the fraud complained of was committed more than six years before the commencement of the action, it was contended

that it was barred by the statute of limitations. The parol evidence offered in answer to this objection was, though opposed, admitted, and decided by the presiding Judge to be sufficient, if believed, to take the case out of the statute. So that the only question is whether his decision was correct.

It seems to be a well settled principle that when the original promise is proved by legal evidence, it may, after the expiration of six years, be revived or taken out of the statute by proof which would not have been sufficient to prove the original promise ; for instance, no consideration need be proved. In the case of *Gibbons & al. v. McCasland*, 1 *Barnw. & Ald.* 690, it was decided that the defendant's testator, having entered into a guaranty in writing, and become liable more than six years before the commencement of the action, the case was taken out of the statute of limitations by a verbal promise, made within the six years, " that the matter should be arranged." In the case before us the promise of the defendant was that " if there was any mistake in the confession, he would rectify it, or it should be rectified." It is true, such a promise could not have been legally proved to support the original action, as we have already decided, any more than parol evidence could have been legally admitted to prove the guaranty in the case of *Gibbons & al. v. McCasland;* but the question is whether it may not be sufficient to relieve the case from the operation of the statute. The promise had reference to the subject matter of the dispute between the parties, namely, the excess in the confession ; and though this, according to the finding of the jury, was a fraud in respect to the defendant, yet it was certainly nothing more than a mistake in respect to the plaintiff. Does not the language of the defendant amount to this ? If there is any excess in the confession " arising from what *Morton* calls a fraud, but *I* call a mistake, justice shall be done to him and I will account to him for the amount of it." When the proof as to the new promise was offered, the question was before the jury whether there was an excess included in the recognizance by the management and fraud of the defendant. The character of the transaction was the essential point, before the jury, and not merely the transaction itself ; not only the fact and amount of excess,

but whether it was included in the recognizance by the defendant's fraud. He promised, if there was any such excess, it should be accounted for; the jury have found that there was, and have also found it to have been the consequence of the fraudulent act of the defendant. His conditional promise has thus become absolute by the verdict of the jury. In accordance with the above principle is the case of *Bristow & al. v. Eastman, Peake's Ca.* 223. It was an action for money had and received to recover a sum which the defendant had embezzled and fraudulently appropriated to his own use. The defence was infancy, the sufficiency of which, in a case of fraud was not admitted by Lord *Kenyon,* but the point was not decided by him; because the plaintiff not only proved the fraud by the confession of the defendant, but also a promise of payment, after he came of age; and so the plaintiff obtained a verdict. Fraud was the gist of that action as it is of the present one; and for the same reason that a promise of payment destroyed the defence of infancy in that case, a new promise (which the jury have found) has taken this case out of the statute of limitations. In our opinion the ruling was correct in both instances; and the question whether correct or not, is the only one reserved. We therefore have no occasion to answer the argument, that the plaintiff has lost his remedy, by neglecting to defend the real action on the ground of the fraud.

*Judgment on the verdict.*